# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

**IN THE MATTER OF:**
Hugh Michael Sonk,

    Debtor.
_____/

Bankruptcy Case No. 18-49858
Honorable Maria L. Oxholm
Chapter 7

## DEBTOR'S RESPONSE TO TRUSTE'S MOTION FOR ORDER DIRECTING DEBTOR TO TURN OVER POSSESSION OF REAL PROPERTY OF THE ESTATE

**NOW COMES** the Debtor, Hugh Michael Sonk ("Debtor") by and though his counsel, Stevenson & Bullock, P.L.C., and in support of his response to the Trustee's Motion for Order Directing Debtor to Turn Over Possession of Real Property of the Estate, and states as follows:

1. The Debtor admits this Court has jurisdiction of the matter.

2. The Debtor admits this is a core proceeding.

3. Debtor admits the Debtor filed for Chapter 7 relief on July 13, 2018.

4. Debtor admits Timothy Miller is the acting Chapter 7 trustee.

5. Debtor admits the real property in question is the Debtor's personal residence.

6. Debtor admits the Trustee was authorized on March 7, 2019 to employ a real estate broker for the estate. Debtor notes the Trustee

waited over 6 months to finally employ a realtor. Creditor, Quicken Loans ("Creditor"), stipulated with the Trustee on September 17, 2018 [ECF No. 26], providing the Trustee 6 months to market and sell the real property:

> The Trustee shall be entitled to explore a potential sale and to investigate the validity of liens concerning the Property for six (6) months following entry of this order. If closing on any sale of the Property has not taken place on or before March 1_, 2019, Creditor may submit an Order Granting Relief From the Automatic Stay and Waiving the Provision of FRBP 4001(a)(3) for entry, and that no further notice, hearing or motion shall be required….

The Trustee didn't take any action to employ a real estate broker until expiration of the generous six-month period. The trustee has failed to expeditiously exercise his duties to collect assets of the estate as required by 11 U.S.C. § 704(a)(1).

7. Debtor admits the allegations asserted, concurring that the real property is subject to two mortgages in the combined amount of approximately $584,622.50. Debtor further states that the amount of the liens exceed the value, indicating that the real property is of inconsequential value and benefit to the estate.

8. Debtor admits that he has not claimed an exemption in the real property due to the fact that there is no equity in the real property. However, the Debtor has approximately $14,771.73 available which he could elect pursuant to 11 U.S.C. § 522(d)(1)(and a greater amount should he elect

exemptions pursuant to the State of Michigan), which would further decrease the amount available to the estate. Counsel for the Debtor has indicated to trustee's counsel that they may liberally amend the exemptions given that Federal Rule of Bankruptcy Procedure 1009(a) states, in part:

> (a) General Right to Amend. A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. *See Law v. Siegel*, 134 S. Ct. 1188 (2014).

9. Debtor admits in part that the automatically stay was lifted with respect to this property on or about April 4, 2019 [ECF No. 54], allowing the creditor to exercise its state court remedies, only after providing the Trustee 6 months to market and sell the real property. To the extent that the Debtor did not admit to the remaining allegations, he denies and leaves movant to his proofs of the "hopes" of the lienholders and any evidence of a carve-out that would be beneficial to the estate.

10. Debtor denies that he has been informed on numerous occasions that he could continue to occupy the Property during the listing period provided that he was cooperative.

11. Debtor neither admits nor denies the information shared between realtor and the Trustee on April 1, 2019, leaving movant to his

proofs. Debtor denies, however, that he was not making the property sufficiently available for viewings. Mr. Sonk, the Debtor, did not receive any requests for viewings until April 1, 2019. Having only been openly marketing the real property for approximately one week, Mr. Sonk already had previous engagements set for the week ahead and informed the realtor of his availability. While Debtor has a duty to cooperate with the trustee, he denies that he has an obligation to make the premises "presentable" or to the trustee's standards; the premises remains is in the same condition as it was when the property was appraised by the realtor.

12. The Debtor denies that the Trustee informed the Debtor on April 1, 2019, that the issues would have to be addressed to avoid the filing of a motion for turnover by the trustee, and further states that he did address them noting an increase in the amount of showings for the following week.

13. The Debtor denies the allegations as the statement is misleading. The realtor requested a schedule of times in advance for showings of the unit for that week and going forward. Mr. Sonk advised the realtor that this given week was particularly challenging due to previously scheduled engagements/commitments such as job interviews, doctor appointments for/with physical therapy, emotional therapist, psychiatric therapy, family commitments which includes weekly care of his 91-year old

father every Saturday. However, on April 8, 2019, he did provide that the property would be available on Wednesday, Thursday and Friday between 11:30 a.m.-2:00 p.m., and Sunday 1:00 p.m.-4:00 p.m. even though he was not supposed to allow showings on Sunday pursuant to the terms of his association. Throughout the week, Mr. Sonk also provided additional times for showings as his schedule firmed up, including evening hours on Friday and Sunday. See Exhibit A for list of scheduled showings.

14. Debtor denies the allegations as it is not completely accurate and therefore misleading. Debtor through his counsel agreed to provide a 24-hour notice by email to his counsel, then the Debtor will respond to that email advising of his availability. Debtor has made the property fully available anytime he could when it did not have conflict with a prior commitment/appointment, or to the extent that the prior commitment could not be rescheduled within 24-hour notice. Mr. Sonk has even allowed the realtor to use his one parking space to make showings more convenient, parking in a friend's spot instead.

15. Debtor denies the allegations.

16. Debtor denies the allegation that this property is extremely valuable. While Ann Arbor in general is an active market, the sales in this building have been very slow, many being listed then removed, some

languishing on the market for a period of two years or more. Other units in downtown Ann Arbor often selling within 30 days of being listed. A similar unit in this condo sold for only $396,000.00 despite having an updated kitchen and bathroom, and the advantage of having 2 bedrooms instead of a bedroom and a den held by Mr. Sonk, and a covered parking space as opposed to Mr. Sonk's uncovered parking space. Parking spaces sale in this association that have a similar floor plan. While this property has generated much interest, the fact remains that the real property is of inconsequential value to the estate and is burdensome and should be abandoned rather than disrupt the life of Mr. Sonk when there is no benefit to the estate. The liens substantially exceed the value.

17. Debtor denies that concurrence was sought, rather counsel stated he thought he had to file a motion.

18. The allegation in paragraph 18 constitutes a legal conclusion that does not require a response. To the extent that a response is required, the Debtor states that he has cooperated with the trustee pursuant to his duties under 11 U.S.C. § 521(a)(3).

19. The allegation in paragraph 18 constitutes a legal conclusion that does not require a response. To the extent that a response is required, the Debtor states that Section 521(a)(4) must be read in conjunction with 11

U.S.C. § 542(a) for turnover of property to the estate., the real property may only be turned over to the trustee or the value of such property, if it is not of inconsequential value or benefit to the estate. The Trustee has failed to demonstrate that the property is not of inconsequential value or benefit to the estate.

20. The Debtor denies the allegation set forth in paragraph 20 as the trustee left out the last and pertinent clause of 11 U.S.C. § 542(a) which only allows for turnover of property to the estate that property may be turned over to the trustee or the value of such property, *unless such property is of inconsequential value or benefit to the estate* (emphasis added). The Trustee has failed to demonstrate that the property is not of inconsequential value or benefit to the estate.

21. The Debtor denies that he cannot claim an exemption, but admits that the stay has been lifted with respect to the property.

22. The Debtor denies he has a duty to turn over the property to the estate and relies on his responses as set forth in paragraphs 19 and 20.

23. The Debtor admits the allegations set forth within.

24. The Debtor denies the allegations set forth within, and further states the property is of no benefit to the estate since the property lacks equity and should be abandoned.

25. The Debtor denies the allegations set forth within and relies on his responses as set forth in paragraphs 13 and 14.

26. The Debtor denies the allegations set forth within and relies on his responses as set forth in paragraphs 13 and 14.

27. The Debtor denies that he is in violation of his duties under 11 U.S.C. § 521.

28. The Debtor denies that the Trustee is entitled to an order compelling turnover pursuant to 11 U.S.C. § 542(a) because *such property is of inconsequential value or benefit to the estate* (emphasis added).

29. The Debtor objects to paragraphs 1-10 of the proposed order.

WHEREFORE, Debtor prays that this Honorable court enter an Order Denying Trustee's Motion for Order Directing the Debtor to Turn Over Possession of Real Property of the Estate, and further requests such other and further relief as this Court deems appropriate and necessary.

Respectfully submitted,

/s/ Michelle M. Stephenson
Michelle M. Stephenson (P51635)
Stevenson & Bullock, P.L.C.
Attorneys for the Debtor
26100 American Drive #500
Southfield, MI 48034
(248) 354-7906 ext. 2229

Dated: April 26, 2019    mstephenson@sbplclaw.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

**IN THE MATTER OF:**
Hugh Michael Sonk,             Bankruptcy Case No. 18-49858
                                           Honorable Maria L. Oxholm
       Debtor.                        Chapter 7
_____/

## PROOF OF SERVICE

Michelle M. Stephenson certifies that on the 26th day of April, 2019 that a copy of the **Debtor's Response to the Trustee's Motion for Order Directing Debtor to Turn Over Possession of Real Property of the Estate** and this **Proof of Service** was served upon all parties listed below, by electronic means and/or depositing same in a United States Postal Box located in Southfield, Michigan, with postage fully prepaid thereon.

| | |
|---|---|
| OFFICE OF THE U.S. TRUSTEE<br>211 W. Fort Street, Suite 700<br>Detroit, MI 48226 | Hugh Michael Sonk<br>505 E. Huron St., Apt. 403<br>Ann Arbor, MI 48104 |
| Timothy J. Miller<br>64541Van Dyke, Suite101<br>Washington, MI 48095 | Peter F. Schneider @<br>pete@detlegal.com |
| David P. Miller @<br>david@detlegal.com | |

                                       /s/ Michelle M. Stepheson
                                       Michelle M. Stephenson(P51653)
                                       Stevenson & Bullock, P.L.C.

Attorneys for the Debtor
26100 American Drive, Ste. 500
Southfield, MI 48034
(248) 354-7906 ext. 2229
mstephenson@sbplcaw.com